UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROLAND DEMERS,

                Plaintiff,

vs.                                Case No. 2:08-cv-369-FtM-29DNF

RANDSTAD STAFFING SOLUTIONS, L.P., a
foreign corporation,

                Defendant.
_____

## OPINION AND ORDER

This matter comes before the Court on Defendant's Motion for Summary Judgment (Doc. #19) filed on February 25, 2009. Plaintiff filed a Response (Doc. #22) and Statement of Material Facts for Which There Exists a Genuine Issue to be Tried (Doc. #23) on March 13, 2009, and defendant filed a Reply (Doc. #30) with leave of Court on March 27, 2009.

**I.**

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). An issue is "genuine" if there is sufficient evidence such that a reasonable jury could return a verdict for either party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" if it may affect the

outcome of the suit under governing law. Id. The moving party bears the burden of identifying those portions of the pleadings, depositions, answers to interrogatories, admissions, and/or affidavits which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1259-60 (11th Cir. 2004).

To avoid the entry of summary judgment, a party faced with a properly supported summary judgment motion must come forward with extrinsic evidence, i.e., affidavits, depositions, answers to interrogatories, and/or admissions, which are sufficient to establish the existence of the essential elements to that party's case, and the elements on which that party will bear the burden of proof at trial. Celotex Corp., 477 U.S. at 322; Hilburn v. Murata Elecs. N. Am., Inc., 181 F.3d 1220, 1225 (11th Cir. 1999). If there is a conflict in the evidence, the non-moving party's evidence is to be believed and all reasonable inferences must be drawn in favor of the non-moving party. Shotz v. City of Plantation, 344 F.3d 1161, 1164 (11th Cir. 2003).

**II.**

Roland Demers (plaintiff or "Demers") was employed by Randstad Staffing Solutions, L.P. (defendant or "Randstad") from approximately September 5, 2005 until his termination on or about January 20, 2006. Randstad is an employment staffing company that assists its client companies with the hiring of temporary and

permanent employees. Randstad alleges that it advertised an agent position for its Fort Myers branch office because it was desperate to find a Spanish-speaking applicant to replace its former Hispanic employee, Grace Bovian.

Plaintiff applied for the position in August 2005 through the website, www.Monster.com, and was interviewed for the position by Cynthia Kilgore ("Kilgore"), Randstad's Fort Myers Branch Manager. Plaintiff was hired as an agent after Kilgore and District Manager Laura Turner ("Turner") recommended his hire to Human Resources Manager Dana Wright ("Wright"). As an agent, plaintiff was responsible for various sales and service responsibilities, including selling new accounts and growing existing business. During his period of employment, plaintiff generated new business and was responsible for increases in several customers' accounts.

During his employment, plaintiff was supervised by Cynthia Kilgore. Randstad alleges that plaintiff had a series of disciplinary problems preceding his termination, including the following: ordering promotional items for himself with Randstad funds; failing to notify Kilgore if he was going to be late or absent; engaging in improper behavior during a company training session; bringing a female friend to a client's job site; failing to timely complete "on-board" training modules, and failing to adequately service client accounts.

The final decision to terminate plaintiff was reportedly made on January 19, 2006. On that date, Laura Turner notified the Fort

Myers branch office that she would be arriving at the office the following day. Wright alleges that after Laura's planned meeting was announced, plaintiff sent her an email alleging that he was being treated unfairly.

On April 11, 2006, plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission, which was dual-filed with the Florida Commission on Human Relations. Plaintiff alleged that he was reprimanded because of his national origin based on the following: plaintiff was reprimanded for ordering a casual shirt labeled with the Randstad branding even though his co-worker Lisa Norman had suggested he order the shirt; plaintiff was reprimanded for tardiness and absenteeism even though non-Hispanic employees working at his branch were tardy or absent as frequently or more than plaintiff and were not reprimanded; Kilgore reprimanded plaintiff for his internet usage even though non-Hispanic employees were known to spend time on the internet for personal matters and were never reprimanded; Kilgore made comments that plaintiff was no longer in Miami, that he "was in good ole' boy country now," and that he needed to "stop with the Miami attitude."

Randstad reportedly terminated plaintiff for employment issues such as plaintiff's attendance problems, poor judgment, and internet usage, among other things. Plaintiff alleges that he was subjected to discrimination based on his national origin. During his period of employment, which lasted for approximately four and

one-half months, plaintiff was the only Hispanic employee assigned to the branch office; however, there were only four employees working in the branch office.

One of plaintiff's coworkers, James McElroy ("McElroy"), believed plaintiff was treated less favorably than other employees, but did not believe that the disparate treatment was based on plaintiff's national origin. McElroy also testified that he believed plaintiff was fired for legitimate reasons, but that other employees who had engaged in the same activities were not discharged.

Dana Wright testified in her deposition that decisions to terminate employees were not made without her approval and recommendation. Wright testified that plaintiff was terminated because of his poor judgment, attendance problems, lack of communication, client complaints, and behavior at a training session. (Doc. #24-8, p. 47.) Wright further testified that the last event precipitating plaintiff's termination was his poor judgment in taking a female friend to a client's job site. (Id.)

### III.

In a one-count Complaint (Doc. #2), plaintiff asserts a claim alleging discrimination based on national origin in violation of the Florida Civil Rights Act (FCRA). The brief summary of the evidence set forth above establishes that there are disputed issues of material fact, which precludes entry of summary judgment. At best for defendant, plaintiff has presented a circumstantial case

that implicates the McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), analysis.  The evidence is sufficient (although disputed at least in part) to show that plaintiff: (1) is a member of a protected class; (2) was qualified for the position held; (3) suffered an adverse employment action; and (4) was replaced by a person outside his protected class or was treated less favorably than a similarly-situated individual outside his protected class. "Demonstrating a *prima facie* case is not onerous; it requires only that the plaintiff establish facts adequate to permit an inference of discrimination." Holifield v. Reno, 115 F.3d 1555, 1562 (11th Cir. 1997) (citations omitted).  The burden then shifts to the employer to "articulate a legitimate, nondiscriminatory reason for its actions."  See, e.g., Crawford v. City of Fairburn, 482 F.3d 1305, 1308 (11th Cir. 2007) (citations omitted). Defendant has met this burden of production, so the burden shifts back to plaintiff to offer evidence that defendant's proffered reasons are merely "pretext for illegal discrimination."  E.g., id. (citations omitted).  The Court finds that the evidence is sufficient for a reasonable jury, making credibility findings favorable to plaintiff's evidence, to find that plaintiff has satisfied his burden.  Summary judgment is therefore not appropriate in this case.

Accordingly, it is now

**ORDERED:**

Defendant's Motion for Summary Judgment (Doc. #19) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __15th__ day of June, 2009.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record