UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROLAND DEMERS,

        Plaintiff,

vs.                                    Case No.  2:08-cv-369-FtM-29DNF

RANDSTAD STAFFING SOLUTIONS, L.P., a
foreign corporation,

        Defendant.

_____

### OPINION AND ORDER

     This matter comes before the Court on Randstad's Motion in
Limine to Bar Evidence Regarding LCOEO's [(Lee County Office of
Equal Opportunity)] Administrative Determination and Final
Investigative Report (Doc. #31) filed on May 22, 2009. Plaintiff's
Response (Doc. #42) was filed on June 11, 2009.

     The legal principles related to the admissibility of a
document such as the Notice of Reasonable Cause Determination and
Final Investigative Report (Doc. #42-2) are well established in the
Eleventh Circuit.  In a bench trial, such items are generally
admissible.  See Smith v. Universal Servs., Inc., 454 F.2d 154 (5th
Cir. 1972)[1]; Barfield v. Orange County, 911 F.2d 644, 649 (11th
Cir. 1990).  In a jury trial, this liberal admissibility is not
applicable and the court has considerable discretion as to

_____

[1]In Bonner v. Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981)
(en banc) the Eleventh Circuit adopted as binding precedent all the
decisions of the former Fifth Circuit handed down prior to the
close of business on September 30, 1981.

admissibility.  <u>Barfield</u>, 911 F.2d at 651; <u>Walker v. NationsBank N.A.</u>, 53 F.3d 1548, 1554-55 (11th Cir. 1995); <u>Lathem v. Department of Children & Youth Servs.</u>, 172 F.3d 786 (11th Cir. 1999).  Even when admitted, such documents are not to be used to adjudicate the rights and liabilities of the parties, but serve only as notice to the employer.  <u>Goldsmith v. Bagby Elevator Co.</u>, 513 F.3d 1261, 1288-89 (11th Cir. 2008).

The Court in the exercise of its discretion will grant the motion and deny the admissibility of the Notice of Reasonable Cause Determination and Final Investigative Report (Doc. #42-2) and related testimony or evidence.  The Court finds pursuant to Fed. R. Evid. 403 that the probative value of these documents is greatly outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, and the potential of undue waste of time.  The documents are premised in part on a legal determination that is certainly not applicable in a court.  The report states that in order to establish a *prima facie* case of discrimination, the charging party must allege that he believes he was treated differently than similarly situated persons of different backgrounds.  (Doc. #42-2, pp. 7-8.)  In the judicial context, the mere allegation is clearly insufficient to establish a *prima facie* case.  Additionally, the report characterizes the author's perception of defendant's cooperation in the process, notes that mediation was declined by defendant, and resolves credibility

issues which, under the facts of the case, will be a primary consideration for the jury. The Court does not intend to allow collateral challenges to and support of the LCOEO report to be the focus of the trial, and finds that the report will be unduly distracting, confusing, and prejudicial.

Accordingly, it is now

**ORDERED**:

Randstad's Motion in Limine to Bar Evidence Regarding LCOEO's [(Lee County Office of Equal Opportunity)] Administrative Determination and Final Investigative Report (Doc. #31) is **GRANTED**. Unless otherwise ordered by the Court, neither party may make reference to the LCOEO's Administrative Determination and Final Investigative Report.

**DONE AND ORDERED** at Fort Myers, Florida, this __15th__ day of June, 2009.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record